676 So.2d 1108 (1996)
STATE of Louisiana
v.
Bernard BRADFORD.
Nos. 95-KA-929, 95-KA-930.
Court of Appeal of Louisiana, Fifth Circuit.
June 25, 1996.
*1109 Bruce G. Whittaker, Twenty-Fourth Judicial District, Indigent Defender Board, Gretna, for defendant-appellant.
John M. Mamoulides, District Attorney, Twenty-Fourth Judicial District, Terry M. Boudreaux, Assistant District Attorney, Gretna, for plaintiff-appellee.
Before GRISBAUM, DUFRESNE and CANNELLA, JJ.
GRISBAUM, Judge.
These companion appeals relate to the violation of La.R.S. 14:95.1 and 14:94 wherein the trial court found the defendant guilty of possession of a firearm by a convicted felon and illegal discharge of a firearm. The defense counsel submitted a Motion to Withdraw, along with an Anders brief, stating that, after a thorough review of the record, there are no non-frivolous issues which could support an appeal. He also asks review of the record for error patent.

ISSUES
The primary issue presented is whether the record reveals any facts that could support a non-frivolous appeal. Additionally, we must conduct an errors patent review.

FACTS AND PROCEDURAL HISTORY
Jefferson Parish deputies responded to an emergency call which reported gunfire at the Labella Motel. A woman at the hotel, Sue Butler, told the deputies upon their arrival that the man she had been with at the hotel had started shooting up the room. The deputies found the defendant, who fit the description given by Sue Butler, at the Majik Market near the hotel. The defendant, after having been advised of his Miranda rights, admitted firing the gun and directed the deputies to the weapon.
One of the deputies checked the defendant's record through the NCIC computer system, which showed him to be a convicted felon.
The defendant pled not guilty to both charges.[1] The defendant waived his right to a jury trial. A bench trial was held and both charges were tried together. The trial judge found the defendant guilty on both charges. The court sentenced the defendant to five years at hard labor without parole, probation, or suspension of sentence for the possession of a firearm conviction and three years at hard labor for the illegal discharge of a weapon conviction to be served concurrently, with credit for time served. The defendant *1110 filed a Motion for Out-Of-Time Appeal, which was granted.

ISSUE ONE
We first note that the defendant's attorney has complied with the rules set forth in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), in submitting this Anders brief and accompanying Motion to Withdraw.
In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court held that, on appeal:
if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.... [i]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
Anders v. California, 386 U.S. at 744, 87 S.Ct. at 1400. In State v. Benjamin, supra, the Fourth Circuit discussed the procedures adopted in that court in its effort to comply with Anders. The Louisiana Supreme Court cited favorably the Fourth Circuit case, stating that "[i]f appointed counsel, after review of the record, finds no basis for assigning error on appeal, he or she may follow the procedure outlined in State v. Benjamin...." State ex rel. Hawkins v. Criminal Dist. Court, Parish of Orleans, Section J, 629 So.2d 421 (La.1993) (citation omitted). The procedure set forth in Benjamin provides:
1. A court-appointed appellate attorney may file a motion to withdraw if the attorney, after a conscientious and thorough review of the trial court record, determines that the appeal is wholly frivolous. One copy of the motion, prepared for the signature of three judges, should be filed.
2. The appellant's brief should accompany the motion to withdraw. The brief shall comply with Rule 2-12, Uniform Rules, Courts of Appeal, and should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant's brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.
3. Counsel shall attach to the appellant's brief proof that a copy of the motion and the brief were forwarded to the appellant, with a notation whether the appellant has/has not received a copy of the trial court record and/or trial transcript. Counsel shall inform the appellant that he or she may file a supplemental brief in his or her own behalf.
4. After receiving the brief and motion, this Court shall notify the appellant that he or she should inform the court in writing within thirty days if he or she intends to file a brief.
5. If the Court finds, after an independent review of the record, that the appeal is wholly frivolous, it may grant the motion and affirm the conviction or trial court judgment. If the Court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the Court, or grant the motion and appoint substitute appellant counsel.
Benjamin, supra, at 530. The court went on to state:
This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury compensation and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) *1111 a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
Id. at 531. In light of the Louisiana Supreme Court's favorable response to the policy of the Fourth Circuit regarding Anders briefs as set forth in State v. Benjamin, supra, we adopt this policy as our own.
After a thorough review, we find no errors on which one could base a non-frivolous appeal. The record contains a colloquy between the trial judge and the defendant showing the defendant knowingly and intelligently waived his right to a jury trial.[2] Further, the standard of review for assessing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir.1990), writ denied, 569 So.2d 968 (La.1990). Here, the record amply supports the convictions. Ergo, we find no error.

ISSUE TWO
We see the trial judge failed to impose a mandatory fine as required by La.R.S. 14:95.1, thereby imposing an illegally lenient sentence. The State, in its brief, recognized this error, then further noted that it was precluded from urging this error because it had not objected at trial. We cannot amend or set aside an illegally lenient sentence on our own motion when the defendant has appealed and the prosecutor has not sought review of the sentence. State v. Fraser, 484 So.2d 122 (La.1986); State v. Allen, 93-838 (La.App. 5th Cir. 5/31/94), 638 So.2d 394, writ recalled, 94-1754 (La. 3/16/95), 651 So.2d 1343; State v. Vanderlinder, 575 So.2d 521 (La.App. 5th Cir.1991), writ denied, 580 So.2d 377 (La.1991). Accordingly, we will not disturb the sentence imposed by the trial judge.
The second error patent is the failure of the trial judge to inform the defendant of the prescriptive period for post-conviction relief as mandated by La.Code Crim.P. art. 930.8(C). Here, informing the defendant of the provisions of La.Code Crim.P. art 930.8 is unnecessary because the defendant filed a motion for an out-of time appeal thus exercising his right to post-conviction relief.
Accordingly, we hereby grant the defense counsel's motion to withdraw and affirm the defendant's conviction and sentence.
MOTION TO WITHDRAW GRANTED; AFFIRMED.
NOTES
[1] Violation of La.R.S. 14:95.1, possession of a firearm by a convicted felon, and La.R.S. 14:94, illegal discharge of a firearm.
[2] The waiver of one's right to a jury trial cannot be presumed and the record must show a knowing and intelligent waiver. State v. Williams, 404 So.2d 954 (La.1981); State v. Miller, 517 So.2d 1113 (La.App. 5th Cir.1987), writ denied, 523 So.2d 1335 (La.1988).