MADELINE JASMINE, Judge Pro Tempore.
|2In this Anders appeal, defendant, Terry L. Scott, appeals his conviction for distribution of cocaine in violation of LSA-R.S. 40:967(A). Defendant pled not guilty at arraignment. After being advised of his rights, defendant later withdrew the not guilty plea and pled guilty as charged under the provisions of North Carolina v. Alford.[1] Defendant was sentenced to ten years imprisonment at hard labor, with the first two years being without benefit of parole, probation, or suspension of sentence.
For the following reasons, we affirm defendant’s conviction, and grant counsel’s motion to withdraw as counsel of record.

FACTS

Defendant pled guilty under Alford to distribution of cocaine. In offering a factual basis for the charged offense, the State provided that had defendant gone to |,.¡trial, it would have proven beyond a reasonable doubt that in Jefferson Parish on January 31, 2006, defendant did knowingly and intentionally distribute a controlled dangerous substance that was in fact cocaine.

ANDERS

Under the procedure set forth in State v. Benjamin,[2] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California[3] and State v. Jyles,[4] asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[5] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Defense counsel sets forth a statement of the case, the action of the trial court, and a statement of the facts. Thereafter, defense counsel addressed the following issues.
|4Pefense counsel notes that defendant pled guilty in this case and received a negotiated sentence. She provides that by pleading guilty, a defendant waives his right to challenge the sufficiency of the evidence to support his conviction. Nevertheless, she states that the facts recited by the State were sufficient to support a con *114 viction for distribution of cocaine. Defense counsel also notes that this matter never went to trial and there were no pretrial hearings.
Defense counsel states that the trial judge informed defendant of the rights he was waiving if he chose to plead guilty. She states that the trial court explained the sentencing range defendant was exposed to as well as the sentence that was agreed upon. She states that defendant received a specific sentence as a result of a negotiated plea and, therefore, is prohibited from appealing his sentence.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
As required, the bill of information plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged. See generally, LSA-C.Cr.P. arts 464-66.
Defendant pled guilty as charged to distribution of cocaine. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. The record does not reflect that defendant filed any pre-trial motions. Therefore, it does not appear that there are any trial court rulings defendant could have preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
Defendant offered his plea under North Carolina v. Alford, 400 U.S. at 38, 91 S.Ct. at 167 n. 10, which requires the establishment of a factual basis for the |fiplea when a defendant protests his innocence. The prosecutor offered a factual basis for the plea sufficient to satisfy the Alford requirements.
The record does not reveal any irregularities in defendant’s guilty plea. Once a defendant is sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
The record shows that defendant was advised of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Further, defendant acknowledged that he executed a waiver of rights form that was reviewed with his attorney. When asked if defendant understood that by entering the guilty pleas that he was waiving these constitutional rights, defendant responded affirmatively.[6]
Defendant was informed that the maximum penalty was 30 years at hard labor *115 and a fine of $50,000.00. Defendant indicated that he understood the nature of the charge against him as well as the possible penalties. Defendant was advised that if the judge accepted his guilty plea, he would be sentenced to serve ten years at hard labor and that an opportunity to participate in drug treatment programs | (¡would be recommended. The waiver of rights form was corrected to reflect the crime was distribution of cocaine.
The trial judge ascertained that defendant understood his rights, and that he was waiving them knowingly and voluntarily. He denied that force, intimidation, coercion, threat or promise was used. The trial judge also explained defendant’s right to an appeal if he chose to go to trial. Defendant was informed again of his rights to a jury trial and to confront his accusers. Defendant responded affirmatively when asked if he understood that by pleading guilty he was waiving these rights. Defendant also agreed that he understood that by pleading guilty he could not assert allegations of defects.
Defendant pled guilty under the provisions of Alford, stating that he believed it was in his best interest to plead guilty. Defense counsel agreed that defendant knowingly, intelligently, freely, and voluntarily entered this guilty plea in his best interest. The trial judge stated that he was convinced that defendant understood the nature of the charges against him and the possible penalties and that there was a basis for the guilty plea. The trial judge stated that both defendant and his counsel indicated to the court that the guilty plea was in defendant’s best interest, and that the State read into the record a factual basis for the court’s acceptance of the plea. The trial judge accepted defendant’s guilty plea as knowingly, intelligently, freely, and voluntarily made.
After defendant pled guilty to distribution of cocaine, the trial judge imposed a sentence in conformity with the plea agreement. LSA-C.Cr.P. art. 881.2 A(2) provides, “[t]he defendant cannot appeal or seek review of a sentence imposed in | conformity with a plea agreement which was set forth in the record at the time of the plea.” Further, the defendant’s sentence was within the sentencing range.[7]
Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and sentence. Appellate counsel’s motion to withdraw as attorney of record is granted.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
The commitment reflects that defendant pled guilty to “DIST/POSS. WITD *116 OF A CDS-COCAINE.” According to the transcript, defendant actually pled guilty to distribution of cocaine. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La.1983). Further, the transcript reflects that this was an Alford plea, and the commitment does not. Accordingly, we remand the case to the trial court to have the commitment accurately conform to the transcript.

AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.

. 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. 573 So.2d 528, 530-31 (La.App. 4 Cir.1990).

. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam).

. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. It is noted that when the colloquy began, the trial judge referred to the crime as possession with intent to distribute cocaine. The waiver of rights form initially reflected that the charge for which defendant was pleading guilty to was possession with intent to distribute cocaine. During the colloquy, it was discovered that the actual charge was distribution of cocaine. The trial judge explained this to defendant, and defendant indicated that he understood. The trial judge also explained that the penalty provisions for distribution of cocaine were exactly the same as discussed regarding possession with intent to distribute cocaine.

. Defendant pled guilty to distribution of cocaine in violation of LSA-R.S. 40:967(A). He faced a possible sentence of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of the sentence being without benefit of parole, probation, or suspension of sentence. Defendant also faced a possible fine of not more than fifty thousand dollars. See LSA-R.S. 40:967(B)(4)(b).
According to the waiver of rights form, the State agreed not to multiple bill defendant in this case as part of the plea agreement. The record reflects the State agreed to multiple bill defendant as a double offender in case number 08-1826. The State mentioned that it believed defendant to be a quadruple offender and that if defendant was convicted of any of the two cases he would face a sentencing range of 20 years to life imprisonment.