SUSAN M. CHEHARDY, Judge.
| gRonald Rainey appeals his conviction of unauthorized use of a movable valued at more than $1,000.00, a violation of La.R.S. 14:68. We affirm, finding no non-frivolous issues to be raised on appeal and no ruling of the trial court that arguably supports the appeal. We also grant appellate counsel’s motion to withdraw as counsel.
On November 19, 2007, the Jefferson Parish District Attorney charged Ronald Rainey with violation of La.R.S. 14:68 by unauthorized use of U.S. currency valued at over than $1,000.00. On May 12, 2008 the defendant pleaded guilty as charged. Pursuant to a plea agreement under which the State agreed not to multiple-bill him, he was sentenced to imprisonment at hard labor for a term of three years, with credit for time served; the sentence was suspended; the defendant was placed on active probation for five years; and he was ordered to pay restitution in the amount of $20,020.00, a fine of $1,000.00, plus court costs and fees as noted on the probation form.
Because this conviction arises from a plea of guilty, the facts of the case were never entered in the record. At the start of the plea proceeding, however, defense counsel and the prosecutor both advised the court that the crime involved contractor fraud.
laThe defendant filed a pro se motion for appeal. The trial court granted the motion and appointed appellate counsel on June 18, 2008. Appointed counsel filed a timely brief on appeal, along with a motion to withdraw as counsel. Appellate counsel states she has found no issues to raise on appeal.
Utilizing the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per cu-riam), asserting that she has thoroughly reviewed the trial court record and can find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if, after a conscientious examination, she finds the case to be wholly frivolous.[2] The request must be accompanied by ‘ “a *692 brief referring to anything in the record that might arguably support the appeal” ’ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial 14motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. In an Anders brief, “[cjounsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. Id. If the court finds any legal point arguable on the merits, however, it may either deny the motion and order the court-appointed attorney to file a brief arguing any legal points identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Here, the defendant’s appellate counsel asserts that after a detailed review of the record, she finds no non-frivolous issues to raise on appeal. She specifically states she informed the defendant that she found no issues to appeal and was seeking permission to withdraw as counsel of record.
In brief, counsel requests this Court to conduct a patent error review. Counsel notes that the defendant tendered his plea of guilty prior to any pretrial rulings from the district court. Counsel also notes she considered raising the issue of excessive sentence, but concluded such a claim would be frivolous, particularly |Bin light of the fact that the defendant pleaded guilty to a known sentence of three years and the State promised not to file a triple-offender bill against him.
Appellate counsel has filed a motion to withdraw as attorney of record, which states that she has reviewed the record and advised the defendant of his right to file a pro se brief. In addition, this Court sent the defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until November 13, 2008 to file a pro se supplemental brief. The defendant has not filed a brief with this Court.
In response, the State catalogues the steps taken in the district court, noting that defense counsel has followed the appropriate procedure to withdraw and that no issues support the defendant’s appeal. The State asserts that the charging instrument was valid, that the defendant was present for all crucial stages of the proceedings, that the defendant’s plea of guilty was knowing, intelligent, voluntary, and valid, and that his sentence was legal.
*693 Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects by either appeal or an application for post-conviction relief. State v. Wingerter, 05-697, pp. 5-6 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664-665. “An unconditional plea of guilty, willingly and knowingly made, waives all non-jurisdictional defects and bars a defendant from later asserting on appeal that the state failed to produce sufficient proof at the multiple offender hearing.” State v. Schaefer, 97-465, p. 9 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
The defendant in the instant case pleaded guilty unconditionally; thus, all non-jurisdictional issues have been waived. The Acknowledgement of | r,Constitutional Rights form in the record reveals that the defendant was informed of the sentence he would receive if he pleaded guilty. This Acknowledgement form and the colloquy between the trial court and the defendant reveal that the defendant was informed of, and indicated that he understood, his constitutional rights.
Appellate counsel’s brief adequately demonstrates, by full discussion and analysis, that she reviewed the trial court proceedings and could not identify any basis for a non-frivolous appeal. Our independent review of the record supports counsel’s assertion. Further, our patent error review discloses no errors patent.[3]
Accordingly, the defendant’s conviction and sentence are affirmed, and appellate counsel’s motion to withdraw as attorney of record is granted.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Moution, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. It is this Court’s standard procedure to review for patent error in every criminal appeal, regardless whether the appellant requests such a review. See La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir. 1990).