MARC E. JOHNSON, Judge.
 

 |2Pefendant was charged with distribution of cocaine. Defendant later pleaded guilty to the charge in the 24th Judicial District Court. Appellate counsel for Defendant filed the instant appeal for review of the record for errors patent on the face of the record and a motion to withdraw. For the following reasons, we affirm Defendant’s conviction and sentence and
 
 *1117
 
 grant appellate counsel’s motion to withdraw.
 

 STATEMENT OF THE CASE
 

 Defendant, Wayne Chester, was charged by a bill of information with distribution of cocaine in violation of LSA-R.S. 40:967 A. Defendant pled not guilty at arraignment. Defendant filed a
 
 pro se
 
 motion to quash the bill of information. He later filed an amended motion to quash. The district coui't heard arguments on the motion to quash and denied it on January 29, 2009.
 

 On April 21, 2009, Defendant withdrew his not guilty plea and pleaded guilty as charged. The district court sentenced Defendant that day to 10 years at hhard labor, the first two years to be served without benefit of parole, probation, or suspension of sentence. The court further ordered that the sentence run concurrently with any other sentence Defendant was serving.
 

 This timely appeal follows.
 

 FACTS
 

 Since no trial or motion hearings were held in this case, the facts surrounding the instant offense are found in the bill of information and in the prosecutor’s note of evidence at the time of the guilty plea.
 
 [1]
 
 The bill of information alleged that on September 13, 2006, Defendant violated LSA-R.S. 40:967(A) by knowingly and intentionally distributing cocaine, a controlled dangerous substance.
 

 DISCUSSION
 

 Anders Brief
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir. 1990),
 
 [2]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. The State responds that appellate counsel has satisfied the requirements of
 
 Anders
 
 and
 
 Jyles,
 
 and should be allowed to withdraw. The State maintains that there are no non-frivolous issues that might |4be raised on appeal, and urges this Court to affirm defendant’s conviction and sentence.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.
 
 [3]
 
 The request must be accompanied by ‘ “a brief referring to anything in the record that might arguably support the appeal” ’ so as to provide the reviewing
 
 *1118
 
 court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 In evaluating an appeal for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts in her brief that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel asserts that the facts recited by the prosecutor were sufficient to support the charge of distribution of cocaine, and that Defendant agreed to the accuracy of those facts on the record. She notes that the district court denied Defendant’s motion to quash the bill of information, and that Defendant did not preserve the ruling for appeal. Counsel further notes that Defendant did not preserve any other issues for appeal. She points out that Defendant received a negotiated sentence, and that LSA-C.Cr.P. art. 881.2 prohibits a defendant from appealing a sentence that resulted from a plea agreement.
 

 Appellate counsel has filed a motion to withdraw as attorney of record that states she has mailed defendant a copy of her brief. Counsel informed Defendant, by way of the motion, that he may file a supplemental brief on his own behalf. Attached to counsel’s motion is a copy of her letter to Defendant, dated August 31, 2009, informing him that she filed an
 
 Anders
 
 brief on his behalf. Additionally, this Court sent Defendant a letter by certified mail informing him that an
 
 Anders
 
 brief |fihad been filed and that he had until September 30, 2009 to file a
 
 pro se
 
 supplemental brief. Defendant never filed a- supplemental brief.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings
 
 *1119
 
 leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. The only pre-trial motion Defendant filed was a
 
 pro se
 
 motion to quash the bill of information.
 
 [4]
 
 At the time of his guilty plea, Defendant did not preserve for appeal the district court’s denial of his motion under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 The district court properly advised Defendant of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination, as required by Boyldn.
 
 [5]
 
 The judge also explained to Defendant the offense with which he was charged, the sentencing range for that offense, and the sentence he would receive in accordance with the plea agreement. Defendant acknowledged that he understood his rights, and that he wished to waive them and enter a guilty plea. Additionally, Defendant, his attorney, and the judge signed a guilty plea form that enumerated Defendant’s rights, detailed the sentencing range for the charged offense, and explained the sentence Defendant would receive under the plea agreement.
 

 Defendant’s ten-year sentence presents no appealable errors. It was imposed pursuant to a plea agreement. LSA-C.Cr.P. art. 881.2 A(2) provides, in part, that 17“[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Additionally, Defendant’s sentence is within the statutory sentencing range.
 
 [6]
 

 Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, appellate counsel’s motion to withdraw is granted.
 

 Error Patent Review
 

 The record was reviewed for errors patent. LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
 

 DECREE
 

 For the foregoing reasons, Defendant’s conviction and sentence are affirmed. The motion to withdraw as counsel for Defendant is hereby granted.
 

 AFFIRMED.
 

 [1]
 

 . At the time of the guilty plea, the prosecutor stated, "Your Honor, if Mr. Chester would have gone to trial the State of Louisiana would have proven beyond a reasonable doubt that on September 13, 2006 he did knowingly and intentionally distribute a controlled dangerous substance which was, in fact, cocaine and this event occurred in Jefferson Parish.”
 

 [2]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [3]
 

 .The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [4]
 

 .During the district court proceedings on January 29, 2009, defense counsel stated he had an open motion to suppress identification. The judge commented that he had not seen said motion, and that the court would deal with it on the day of trial. The record does not show that Defendant ever filed a motion to suppress identification, or that one was heard or ruled on prior to the guilty plea.
 

 [5]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [6]
 

 . At the time of the instant offense, the sentencing range for distribution of cocaine was two to 30 years, with the first two years being without benefit of parole, probation, or suspension of sentence. LSA-R.S. 40:967 B(4)(b).