JUDE G. GRAVOIS, Judge.
 

 li>The defendant, Damien Delatte, has appealed his conviction and sentence for possession of heroin. For the reasons that follow, we affirm.
 

 FACTS
 

 On February 7, 2007, the Jefferson Parish District Attorney filed a bill of information charging the defendant with possession of heroin in violation of LSA-R.S. 40:966(C). The defendant initially pled not guilty, then on October 27, 2009, the defendant withdrew his not guilty plea and pled guilty as charged. Pursuant to a plea agreement, the defendant was sentenced to ten years imprisonment at hard labor. The trial judge ordered this sentence to run concurrent with “all other sentences.”
 
 [1]
 

 On February 1, 2010, the defendant was granted an out-of-time appeal pursuant to his
 
 pro se
 
 application for post-conviction relief.
 

 \ ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530-31 (La.App. 4 Cir.1990),
 
 [2]
 
 appointed appellate
 
 *109
 
 counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.
 
 [3]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (citation omitted).
 

 In
 
 Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or |4objections lack merit. The Supreme Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines that there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 Id.
 

 In the instant case, the defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. We note that the appellate counsel was mistaken when she stated in the procedural history of the brief that the defendant was charged with distribution of heroin and pled guilty. As pointed out in the State’s brief, the defendant actually was charged with and pled guilty to possession of heroin.
 

 Appellate counsel states that there is no ruling of the trial court to be challenged. She explains that the defendant pled guilty as charged and did not do so under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). She
 
 *110
 
 further explains that there were no pretrial rulings. She contends that the trial court performed a complete [ ^colloquy to assure that the defendant’s plea was made with all constitutional considerations. She concluded that raising a claim of excessive sentence would be frivolous when the defendant was informed of the considered ten-year sentence and his sentence was ordered to run concurrent with a 15-year sentence on a multiple bill imposed in another case on the same day.
 

 Appellate counsel has filed a motion to withdraw as attorney of record that states that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which arguably would support the appeal. She contends she has notified the defendant of the filing of her motion and advised him of his right to file a
 
 pro se
 
 brief in this appeal. Additionally, this Court sent the defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until June 2, 2010 to file a
 
 pro se
 
 supplemental brief. The defendant has not filed a brief.
 

 The State responds that appellate counsel shows a complete and thorough recitation of the procedural history of the case and that counsel has cast an advocate’s eye over the record, determining there were no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm the defendant’s conviction and sentence.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 The bill of information in this case properly charged the defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies the defendant and the crime charged.
 
 See
 
 generally LSA-C.Cr.P. arts. 464-66.
 

 IfiAs reflected by the minute entries and commitment, the defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing. As such, the defendant’s presence does not present any issue that would support an appeal.
 

 Further, the defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdietional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
 

 The defendant filed several pre-trial motions, including motions to suppress the confession, evidence, and identification. The record reflects that these motions were not ruled upon prior to the time that the defendant pled guilty. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived.
 
 See State v. Corzo,
 
 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Thus, there were no rulings to preserve for appeal under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the
 
 Boy-kin
 

 [4]
 

 colloquy is inadequate, or when a
 
 *111
 
 defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 McCoil, supra.
 

 |7The record in the instant case shows that the defendant was aware he was pleading guilty to possession of heroin. He was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant was advised of these rights by means of the waiver of rights form as well as during the colloquy with the trial judge. The defendant indicated during the colloquy that he understood that he was waiving these rights. The commitment also reflects that the defendant was advised of his
 
 Boykin
 
 rights.
 

 The defendant further indicated that he was satisfied with the representation of his attorney and that he had not been forced, coerced, or threatened to enter his guilty plea. He was informed that this guilty plea could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future.
 

 The defendant was also advised that he faced a possible sentencing range of four to ten years and that he would be sentenced to ten years at hard labor, to run concurrent with his other sentences. The defendant stated that he understood the consequences of pleading guilty and wished to plead guilty.
 

 The defendant’s sentence does not present any issues for appeal because his ten-year sentence falls within the sentencing range prescribed by statute.
 
 See
 
 LSA-R.S. 40:966(C). Further, the defendant’s sentence was imposed pursuant to a plea agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
 

 Based on the foregoing, we find that the proceedings surrounding the defendant’s plea of guilty and his sentence do not present any non-frivolous issues | sto be raised on appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we hereby grant appellate counsel’s motion to withdraw as attorney of record.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The review did not reveal any errors patent.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Also on this date, the defendant admitted the allegations of a multiple bill, pled guilty, and was sentenced in other cases — case numbers 07-0865, 07-1845, 07-2619, and 08-3825. The trial court ordered that the defendant's sentence run concurrent with "all other sentences.” After reviewing the context of the transcript, we interpret this to mean that the defendant's sentence is to run concurrent with all the other sentences imposed on that same day.
 

 [2]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mou
 
 
 *109
 

 ton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.
 

 [3]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [4]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).