HANS J. LILJEBERG, Judge.
1^Defendant, Henry B. Aguillar (a.k.a. Henry Aguilar, a.k.a. Henry Perez, a.k.a. Henry Aguilar-Modesto), appeals his convictions and sentences for two counts of forcible rape, in violation of LSA-R.S. 14:42.1. For the following reasons, we affirm defendant’s convictions and sentences, and we grant appointed counsel’s motion to withdraw.

FACTS AND PROCEDURAL HISTORY

Defendant was charged by indictment with two counts of aggravated rape of a known juvenile who was under thirteen years of age, in violation of LSA-R.S. 14:42. At arraignment, he pled not guilty to the charges. The State later amended the indictment to charge defendant with two counts of forcible rape, in violation of LSA-R.S. 14:42.1. Thereafter, defendant withdrew his not guilty pleas and pled guilty to both counts. He was sentenced to 15 years imprisonment on each count, to run concurrently with each other. The first two years of the sentences were |sordered to be served without benefit of parole, probation, or suspension of sentence. Defendant filed a motion for appeal, which was granted.
Because defendant pled guilty and did not proceed to trial, the facts are derived from the factual basis provided by the State. At the time of defendant’s guilty pleas, the State provided the following:
On November 19th, 2009, and February 9th of 2010, the defendant did commit aggravated rape of a known juvenile, date of birth June 25th, 1997. However, Judge, pursuant to a plea agreement worked out between myself and the defense, I’m going to be amending these charges to forcible rape.
At the hearing, defendant confirmed that the information provided by the State was correct and that he was pleading guilty because he was, in fact, guilty.

LAW AND DISCUSSION

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530-31 (La.App. 4 Cir.1990),[1] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that he *1207 has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court | ¿explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
In the present case, appellant counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. In counsel’s brief, he sets forth a procedural history and factual basis of the case and then requests an error patent review be conducted by this Court. Counsel addresses the rulings on pre-trial motions and finds no non-frivolous issues for appeal. He also asserts that the evidence alleged would likely have supported a verdict of guilty if the matter had been taken to trial. He notes that defendant was properly charged and was present for all critical court proceedings. Counsel further contends that the plea colloquy was thorough and complete. He also notes that defendant’s sentence was in accordance with the plea agreement.
| ¡Appellant counsel has filed a motion to withdraw as attorney of record that states he has mailed a copy of his motion to withdraw, his Anders brief, and the Pro Se Briefing Notice to defendant. He has requested that this Court preserve defendant any and all rights he may possess, including the right to file a pro se supplemental brief. The State has filed a response to appellant counsel’s brief, concurring in appellant counsel’s assertions.
Our independent review of the record supports appellant counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The record reveals that the indictment in this case properly charged defendant and that defendant appeared at each stage of the proceedings against him. In addition, the court took steps to ensure that defendant understood the proceedings by the use of an interpreter. Further, defendant pled guilty. If a defendant pleads guilty, he normally waives all non-jurisdic *1208 tional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
The record does not reveal any irregularities in defendant’s guilty pleas. The record shows that an interpreter was present throughout the proceedings in this matter. The transcript and the waiver of rights form reflect that defendant was aware that he was pleading guilty to two counts of forcible rape. The State provided a factual basis for the offenses, and defendant agreed that he committed the offenses. The trial judge advised defendant of his Boykin[2] rights. Defendant was also advised of these rights by means of the waiver of rights form, and he indicated that he understood that he was waiving these rights.
| (¡Defendant further stated that he had not been forced, coerced, intimidated, or promised anything for his guilty pleas. He indicated that he understood that a future felony conviction could result in greater penalties as a habitual offender. He was also advised of the possible consequence of deportation. Defendant was advised of the sentencing range for each count and informed of the sentences that would be imposed if he pled guilty.
Defendant’s sentences were imposed pursuant to a plea agreement, and his sentences fall within the sentencing range prescribed by LSA-R.S. 14:42.1(B). LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
Appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Accordingly, we affirm defendant’s convictions and sentences and grant appellant counsel’s motion to withdraw as attorney of record.
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). After thorough review of the record before us, no errors requiring corrective action were noted.

DECREE

For the foregoing reasons, we affirm defendant’s convictions and sentences, and we grant defense counsel’s motion to withdraw.

AFFIRMED; MOTION TO WITHDRAW GRANTED.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.

. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct 1709, 1711-12, 23 L.Ed.2d 274 (1969).