LILJEBERG, J.
Defendant appeals his conviction and sentence for first degree murder. For the following reasons, we affirm defendant's conviction and sentence. We also grant appellate counsel's motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On November 14, 2013, defendant, Matthew J. Flugence, was charged by bill of indictment with the first degree murder of a known juvenile in violation of La. R.S. 14:30. Defendant pleaded not guilty at his arraignment.
On March 24, 2016, defendant withdrew his plea of not guilty, and after being advised of his Boykin[1] rights, pleaded guilty as charged. As part of the plea agreement, the State withdrew its intent to pursue the death penalty. Thereafter, with the consent of the parties and in compliance with La. C.Cr.P. arts. 557(A)[2]
*390 and 905(B),[3] defendant was sentenced to a term of life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.[4] Defendant sought an out-of-time appeal, which was granted by the trial court on September 11, 2017.
FACTS
Because defendant's conviction was the result of a guilty plea, the facts underlying the crime of conviction are not fully developed in the record. The facts were gleaned from the factual basis provided by the State at the guilty plea proceeding. The State alleged that:
[I]f this case were to have proceeded to trial the State would prove beyond a reasonable doubt that on July 13, 2013 that the Defendant in Jefferson Parish, State of Louisiana committed and violated the charge of Louisiana Revised Statute 14:30 and that he did commit the first degree [murder] of a known juvenile, date of birth March 3, 2007.
LAW AND DISCUSSION
Pursuant to the procedure adopted by this Court in State v. Bradford , 95-929, pp. 3-4 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241(per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[6] The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that *391 an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the present case, defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She asserts that defendant pleaded guilty pursuant to a plea agreement, which was properly accepted by the trial court after defendant was fully informed of the legal consequences surrounding his plea. Further, appellate counsel states that defendant was informed of the sentence to be imposed and the trial court imposed the agreed upon sentence without objection by defendant, precluding defendant from challenging his sentence on appeal. The State has filed a brief in this matter, concurring with appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
Appellate counsel has filed a motion to withdraw as attorney of record which states she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal. Appellate counsel indicates that she has notified defendant of the filing of her motion to withdraw and of his right to file a pro se supplemental brief in this appeal.[7] Defendant has not filed a pro se supplemental brief in this matter.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The bill of indictment properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 464 - 466. The record also shows that there are no appealable issues surrounding defendant's presence. The minute entries and commitment reflect that defendant and his counsel appeared at each stage of the proceedings against him, including his arraignment, his guilty plea proceeding, and his sentencing.
Defendant pleaded guilty to first degree murder, a violation of La. R.S. 14:30, after having received the consent of the court and the State, with the stipulation that the court would impose a life sentence without benefit of probation, parole, *392 or suspension of sentence and without conducting a sentencing hearing, in accordance with La. C.Cr.P. arts. 557(A) and 905(B). If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter , 05-697, p. 5 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
The record also shows that during his plea proceeding, defendant stated that he was "waiving all motions." There were no pre-trial rulings preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional infirmity in defendant's guilty plea. The record shows defendant was aware he was pleading guilty to one count of first degree murder in exchange for the State relinquishing its intent to pursue the death penalty. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin , supra. Defendant verbally indicated to the trial court that he understood that by pleading guilty he was waiving these rights. He also placed his initials next to the rights he was waiving and his signature at the end of the waiver of rights form indicating that he understood he was waiving these rights by pleading guilty.
Defendant was informed during the colloquy, and by means of the waiver of rights form, of the mandatory sentence for the offense as well as the actual penalty that would be imposed upon acceptance of his guilty plea. He was also informed that his guilty plea could be used to enhance a penalty for any future conviction. Defendant indicated that he understood the possible legal consequences of pleading guilty and confirmed that his guilty plea was freely and voluntarily given without any promises or threats having been made to encourage him into entering his guilty plea. He also stated that he was satisfied with the handling of his case by his attorney. After the colloquy with defendant, the trial judge accepted defendant's guilty plea as knowingly, intelligently, freely, and voluntarily made.
Lastly, defendant's sentence does not present any issue for appeal. The mandatory sentence prescribed by La. R.S. 14:30(C)(2) was imposed.[8] Further, defendant's sentence was imposed pursuant to, and in conformity with, the plea agreement after the trial court granted the State and defendant's joint motion to waive sentencing delays as required under La. C.Cr.P. art. 905(B). La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
*393 State v. Moore , 06-875, p. 15 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion. Accordingly, we affirm defendant's conviction and sentence, and we grant appellate counsel's motion to withdraw as attorney of record.
ERRORS PATENT
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990) regardless of whether defendant makes such a request. Our review in this matter revealed no errors requiring corrective action.
DECREE
For the foregoing reasons, we affirm defendant's conviction and sentence. We also grant appellate counsel's motion to withdraw as counsel of record.
AFFIRMED; MOTION TO WITHDRAW AS COUNSEL OF RECORD GRANTED.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

La. C.Cr.P. art. 557(A) provides:
A. A court shall not receive an unqualified plea of guilty in a capital case. However, with the consent of the court and the state, a defendant may plead guilty with the stipulation either that the court shall impose a sentence of life imprisonment without benefit of probation, parole, or suspension of sentence without conducting a sentencing hearing, or that the court shall impanel a jury for the purpose of conducting a hearing to determine the issue of penalty in accordance with the applicable provisions of this Code.

La. C.Cr.P. art. 905(B) provides:
B. Following a conviction by trial or guilty plea in a capital case, on joint motion of the state and the defendant, the court may impose a sentence of life imprisonment without benefit of parole, probation, or suspension of sentence without conducting a sentencing hearing. The court may refuse to grant the joint motion and order that a sentencing hearing be conducted.

As part of the plea agreement, the State also dismissed several other charges against defendant, including aggravated rape of a victim under the age of thirteen (La. R.S. 14:42 ), unauthorized entry of an inhabited dwelling (La. R.S. 14:62.3 ), battery upon a correctional officer (La. R.S. 14:34.2 ), and resisting a police officer with force or violence (La. R.S. 14:108.2 ), which were pending against defendant under docket numbers 13-5248 and 15-7124.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

This Court also sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until March 10, 2018 to file a pro se supplemental brief.

La. R.S. 14:30(C)(2) provides, in pertinent part, "[i]f the district attorney does not seek a capital verdict, the offender shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence." Defendant herein received a life sentence at hard labor without benefit of parole, probation, or suspension of sentence.