JUDE G. GRAVOIS, Judge.
12Pefendant, Hasson K. Mitchell, appeals his conviction resulting from his guilty plea to one count of knowingly or intentionally distributing a substance falsely represented to be a controlled dangerous substance, to wit: cocaine, in violation of LSA-R.S. 40:971.1.[1] Defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. After thoroughly reviewing the record in this case, we concur with the representations of defendant’s counsel. Accordingly, for the reasons that follow, we affirm defendant’s conviction and sentence, and grant appointed counsel’s motion to withdraw.
I ¡¡FACTS AND PROCEDURAL BACKGROUND
Defendant pled not guilty at arraignment. Defendant later withdrew his not guilty plea and pled guilty as charged. On April 26, 2010, defendant was sentenced to five years imprisonment at hard labor, with the sentence to run concurrently with the sentences in case numbers 09-3164, 09-5941, 10-0359 and 10-0360. On June 14, 2010, defendant’s pro se motion for appeal was granted.
Since no trial or motion hearings were held in this case, the facts surrounding the instant offense are found in the bill of information and in the prosecutor’s note of evidence at the time of the guilty plea.[2] The bill of information alleged that on April 15, 2009, defendant violated LSA-R.S. 40:971.1 in that he did knowingly or intentionally distributed a substance falsely represented to be a controlled dangerous substance, to wit: cocaine.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), appointed appellate coun *828 sel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes that the record does not contain any motions filed on defendant’s behalf. Counsel indicates that the court’s colloquy and the plea form signed by defendant and his counsel demonstrate that defendant was informed of and considered the five-year sentence. Counsel further states that she considered raising an excessive sentence claim but concluded that such a claim would be frivolous.
1 ¡Appellate counsel has filed a motion to withdraw as attorney of record that states she has mailed defendant a copy of his brief.[3] The State filed a response to appellate counsel’s brief, concurring in appellate counsel’s assertions. The State requests that this Court affirm defendant’s conviction and sentence.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The district court properly advised defendant of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The judge also explained to defendant the offense with which he was charged, the sentencing range for the offense, and the sentence he would receive in accordance with the plea agreement. Defendant acknowledged that he wished to enter a guilty plea. Additionally, defendant, his attorney, and the judge signed a guilty *829 plea form that enumerated defendant’s rights, and explained the sentence defendant would receive under the plea agreement.
Defendant’s five-year sentence, imposed pursuant to a plea agreement, presents no appealable errors. LSA-C.Cr.P. art. 881.2(A)(2) provides, in part, that “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Additionally, defendant’s sentence, though the maximum amount of time that may be imposed, is within the statutory sentencing range.[4]

\ «ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.

CONCLUSION

Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and sentence, and grant counsel’s motion to withdraw.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. Although the transcript of defendant’s guilty plea also pertains to defendant’s other charges in 24th Judicial District Court case numbers 09-3164, 09-5941, 10-0359 and 10-0360, only defendant’s conviction in case number 09-2927 is the subject of this appeal.

. At the time of the guilty plea, the prosecutor provided the following factual basis, "As to Case No. 09-2927, if that matter had gone to trial, [the] State would've proven beyond a reasonable doubt that, on April 15th of 2009, within Jefferson Parish, the Defendant intentionally violated Louisiana Revised Statute, Title 49:71.l[sic], that he did knowingly or intentionally distribute a substance falsely represented to be a controlled dangerous substance, specifically, cocaine."

. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had the option to file a pro se supplemental brief.

. LSA-R.S. 40:971.1(C) states: “Any person who violates the provisions of this Section shall be imprisoned with or without hard labor for not more than five years, and in addition may be fined not more than five thousand dollars.’’ Defendant was not fined.