ROBERT A. CHAISSON, Judge.
^Defendant, Gregory Ford, Jr., appeals his convictions and sentences for manslaughter and obstruction of justice. For the reasons that follow, we affirm his convictions and sentences, and we grant appellate counsel’s motion to withdraw.
PROCEDURAL HISTORY In June of 2011, a Jefferson Parish Grand Jury returned an indictment charging defendant with being a principal to second degree murder, in violation of LSA-R.S. 14:24 and 14:30.1, and with obstruction of justice, in violation of LSA-R.S. 14:130.1. On November 28, 2011, the trial court heard and denied defendant’s motions to suppress evidence, identification, and statement. Thereafter, on March 20, 2012, after being advised of his rights, defendant pled guilty to the amended charge of manslaughter and to obstruction of justice. In accordance with the plea agreement, the trial judge sentenced defendant to imprisonment at hard labor for forty years on each count to run concurrently. On | sMay 17, 2012, defendant filed an application for post-conviction relief seeking an out-of-time appeal, which the trial judge granted.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or 14objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s *321 eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point identified by the court, or grant the motion and appoint substitute appellate. counsel. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108,1110.
In this case, defendant’s appellate counsel asserts that after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel notes that there is no ruling of the trial court to be challenged, that this was not a plea under State v. Crosby,[3] and that the charges were amended pursuant to a plea agreement. She further states in her appellate brief that she considered whether to raise the issue of excessiveness of the sentence, but concluded that such a claim would be frivolous because defendant was sentenced in accordance with the plea agreement.
| ¡Along with her brief, appellate counsel has filed a motion to withdraw as attorney of record which states she has made a conscientious and thorough review of the trial court record and could find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support the appeal. She further stated that she notified defendant of the filing of the motion to withdraw and that she advised defendant of his right to file a pro se brief in this appeal. Additionally, on October 3, 2012, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until November 1, 2012, to file a pro se supplemental brief. On October 8, 2012, defendant filed a motion to file a pro se supplemental brief. This Court granted defendant’s motion on October 15, 2012, and gave him until November 11, 2012, to file a pro se supplemental brief. On February 6, 2013, this Court granted defendant’s motion for leave to file an out-of-time supplemental brief and gave him until February 21, 2013, to file his pro se brief. As of the rendering of this opinion, defendant has not filed a pro se supplemental brief.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The indictment properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See generally LSA-C.Cr.P. arts. 464-66. Also, as reflected by the minute entries and commitment, defendant appeared at his guilty plea proceeding and sentencing.
Further, defendant pled guilty. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State *322 v. Wingerter, 05-697 (La.App. 5 Cir, 3/14/06), 926 So.2d 662, 664. |nIn the instant case, defendant filed motions to suppress evidence, identification, and statement that were denied after a hearing. However, defendant did not preserve these rulings for review under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
Additionally, our review of the record reveals no irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120,1124.
The record shows that defendant was aware he was pleading guilty to one count of manslaughter and one count of obstruction of justice. Further, on the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
During his guilty plea proceeding, defendant stated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant indicated that he understood the possible legal consequences of pleading guilty, and wished to plead guilty at that time. He also indicated that he understood that his guilty pleas could be used to enhance penalties for any future convictions. Defendant was also informed during the colloquy and by means of the waiver of rights form |7of the sentencing ranges he faced for each count and of the actual sentences that would be imposed if his guilty pleas were accepted. After his colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant’s sentences, it is noted that they were imposed in accordance with the terms of the plea agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Further, defendant’s sentences fall within the sentencing ranges prescribed by the statutes.
Based on the foregoing, we find that defendant’s guilty pleas and the sentences imposed pursuant to the plea agreement do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent, in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, *323 556 So.2d 175 (La.App. 5 Cir.1990). Our review of the record does not reflect that defendant was arraigned in the case. While the transcript of the March 20, 2012 guilty plea proceeding and the commitment dated March 20, 2012, show that defendant withdrew his prior pleas of not guilty before pleading guilty, there are no | ^minute entries in the record to show that defendant actually entered not guilty pleas prior to that date.
LSA-C.Cr.P. art. 555 provides:
Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
In the instant case, defendant waived this error when he entered guilty pleas without objecting to the district court’s failure to arraign. In such an instance, a defendant is considered to have pled not guilty; hence, no corrective action is needed. See State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 241.
For the foregoing reasons, defendant’s convictions and sentences are affirmed. The motion to withdraw as counsel for defendant is hereby granted.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. State v. Crosby, 338 So.2d 584 (La. 1976).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).