EDWARDS, JUDGE PRO TEMPORE, J.
Defendant, Rashed V. Johnson, appeals his conviction and sentence for introducing contraband into the Jefferson Parish Correctional Center. For the reasons that follow, we affirm defendant's conviction and sentence, and we grant appellate counsel's motion to withdraw as attorney of record.
STATEMENT OF THE CASE
On September 1, 2017, the Jefferson Parish District Attorney's office filed a bill of information charging defendant with one count of introducing contraband into correctional facility employee, in violation of La. R.S. 14:402. Defendant pled not guilty to the charge at his arraignment on September 8, 2017. On September 28, 2017, defendant withdrew his not guilty pleas and pled guilty as charged. Defendant was sentenced by the trial court to 30 days at hard labor with credit for time served, pursuant to La. C.Cr.P. art. 880, with the sentence to run consecutively to any other sentence he was then serving. Various fines and fees were also imposed. On October 13, 2017, defendant sent a letter to the trial court requesting an appeal, which the trial court considered as a motion for appeal and granted on October 24, 2017. This timely appeal follows.
*853 FACTS
Because the instant conviction was a result of a guilty pleas, the underlying facts of the matter were not fully developed at trial. However, the State provided the following factual basis at the time of defendant's guilty plea.
THE STATE:
If this matter had proceeded to trial, the State would prove beyond a reasonable doubt that on or about June 30th of 2017 the Defendant did violate Louisiana Revised Statute 14:402 in that he did introduce into or possess in the Jefferson Parish Correctional Center contraband, to wit, a lighter.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929, pp. 3-4 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
In State v. Jyles , 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, *854 it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
ANALYSIS
Defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel indicates that defendant pled guilty pursuant to a counseled plea agreement, and that the trial court's colloquy was thorough and complete. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of his brief.[3]
The State asserts that the record shows that prior to defendant's guilty plea, the district court fully explained to him the rights he was waiving, and defendant affirmed his understanding. The State agrees with counsel that defendant made a knowing and voluntary act of pleading guilty. Further, defendant was informed of his right to appeal. The State concludes, therefore, that defendant's convictions and sentences should be affirmed and that appellate counsel should be allowed to withdraw.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The record shows that defendant was present at the sentencing and was represented by counsel. Prior to sentencing, the trial court entered into a colloquy with defendant wherein the court advised defendant of his Boykin[4] rights and asked defendant if he understood that he was waiving those rights by pleading guilty. Defendant was advised of the sentence he would receive if he pled guilty. Defendant's sentence was in the statutory range for a violation of La. R.S. 14:402. Furthermore, La. C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Defendant was also properly advised of the time limitations for filing post-conviction relief.
Because appellant counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, we affirm defendant's sentence and conviction and grant appellate counsel's motion to withdraw as attorney of record.
ERROR PATENT DISCUSSION
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990) regardless of whether defendant makes such a request. Our review no errors which require correction.
DECREE
Accordingly, for the reasons provided herein, defendant's convictions and sentences *855 are affirmed and appellate counsel's motion to withdraw as attorney of record is hereby granted.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until January 10, 2018, to file a pro se supplemental brief. Defendant did not file a pro se brief.

Boykin v. Alabama , 393 U.S. 820, 89 S.Ct. 200, 21 L.Ed.2d 93 (1968).