WINDHORST, J.
Defendant's appointed appellate counsel filed an Anders [1] brief on defendant's behalf, asserting there is no basis for a non-frivolous appeal. For the following *248 reasons, we affirm defendant's convictions and sentences. We further grant appellate counsel's motion to withdraw as counsel of record.
Facts and Procedural History
On August 27, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Bernard J. Lampton, with theft valued at more than $500 but less than $1,000 in violation of La. R.S. 14:67 (count one), bank fraud in violation of La. R.S. 14:71.1 (count two), and forgery in violation of La. R.S. 14:72 (count three). On August 28, 2014, defendant pled not guilty at his arraignment. Defendant filed several motions, including motions to suppress identification, confession, and evidence.
On February 2, 2015, defendant withdrew his not guilty pleas and pled guilty as charged. The trial court sentenced defendant to five years imprisonment at hard labor on count one, ten years imprisonment at hard labor on count two, and ten years imprisonment at hard labor on count three. The trial court ordered these sentences to run concurrently with each other and with his sentences in district court case number 14-3877.[2] On April 5, 2017, defendant filed an application for post-conviction relief, seeking an out-of-time appeal, which was denied by the trial court as untimely. On June 26, 2017, the trial court granted defendant's request for an out-of-time appeal. This appeal followed.
Because defendant pled guilty, the underlying facts were not fully developed at trial. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty pleas:
[T]he State would present evidence establishing that the Defendant forged a check in the name of Cynthia St. Romaine, who then put that forged check, presented it for payment at Capitol One-that's the party and that institution-received a hundred and fifty-seven dollars and sixty-four cents, which he took with the intent to permanently deprive Capitol One Bank of that sum.
Further, the bill of information alleged that on or about April 9, 2014, defendant violated La. R.S. 14:67 in that he did commit theft of U.S. Currency, valued at more than $500.00 and less than $1,000.00, from Capital One Bank; that he violated La. R.S. 14:71.1 in that he did engage in bank fraud by defrauding Capital One Bank and/or obtaining a sum of money from Capital One Bank by means of false or fraudulent pretenses, practices, transaction representations or promise; and that he violated La. R.S. 14:72 in that he did commit forgery by issuing or transferring a forged check known by defendant to be a forgery.
Discussion
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 06/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
*249 In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Id. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel contends that defendant pled guilty and was sentenced pursuant to a counseled plea agreement and that he did not reserve the right to seek review of any trial court rulings. He argues that there does not appear to be a basis in the record to support a claim that the guilty plea was constitutionally infirm as the guilty plea colloquy and Boykin [5] form properly advised defendant of his rights. Appellate counsel notes that defendant was advised that by pleading guilty he was giving up his rights to an appeal and that his plea is supported by a detailed executed waiver of rights form, including a colloquy with the trial court. Appellate counsel contends that defendant's plea agreement was advantageous and defendant was sentenced in accordance with the plea agreement.
Appellate counsel filed a motion to withdraw as counsel of record in which he stated he notified defendant that he filed an Anders brief and defendant had a right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until October 19, 2017 to file a pro se *250 supplemental brief. Defendant did not file a pro se brief in this case.
Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 462 - 466. Further, as reflected by the minute entries and commitment, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty pleas, and sentencing. Thus, there are no appealable issues surrounding defendant's presence.
Further, defendant pled guilty in this case. When a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La. App. 5 Cir. 03/14/06), 926 So.2d 662, 664.
No rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976). Although defendant filed several pre-trial motions, including motions to suppress evidence, statement, and identification, the record does not indicate that the trial court ruled upon defendant's motions prior to the time defendant pled guilty and defendant did not object. When the trial court does not hear or rule on a pretrial motion, and the defendant does not object prior to pleading guilty, the motion is considered waived.[6] See State v. Corzo, 04-791 (La. App. 5 Cir. 02/15/05), 896 So.2d 1101, 1102.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La. App. 5 Cir. 02/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional infirmity in defendant's guilty pleas. Defendant was aware he was pleading guilty to one count of theft, one count of bank fraud, and one count of forgery. In the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin. Defendant signed the waiver of rights form indicating that he understood he was waiving his Boykin rights by pleading guilty. During the colloquy, defendant also stated that he understood that he was waiving those rights.
Also during his guilty plea colloquy, defendant stated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant stated that he understood these convictions could be used against him in the future to enhance or increase any future penalties. He was advised during the colloquy and by the waiver of rights form of the minimum and maximum sentences of imprisonment and the actual sentences that would be imposed if his guilty pleas were accepted. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly, intelligently, and voluntarily made.
*251 Defendant's sentences were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 04/11/07), 958 So.2d 36, 46 ; State v. Washington, 05-211 (La. App. 5 Cir. 10/06/05), 916 So.2d 1171, 1173. Defendant's sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. Nevertheless, defendant's sentences fall within the sentencing range prescribed by the statutes. See La. R.S. 14:67 B(2); La. R.S. 14:71.1(A) ; La. R.S. 14:72 D. Moreover, defendant's plea agreement was beneficial to him in that although he received maximum sentences, the sentences were ordered to run concurrently with his sentences in district court case number 14-3877, and the State agreed not to file an habitual offender bill of information.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.
Errors Patent Discussion
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance to the mandates of La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals no errors patent in this case.
Conclusion
For the reasons stated above, defendant's convictions and sentences are affirmed. Appellate counsel's motion to withdraw as counsel of record is granted.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

On February 9, 2015, defendant also pled guilty and was sentenced in district court case number 14-3877.

In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 04/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Further, the record reflects that on January 6, 2015, defense counsel "waived the motions," specifically the motion to suppress evidence.