CHAISSON, J.
*353 Defendant, Jamal Washington, appeals his conviction and sentence for racketeering. For the reasons that follow, we affirm defendant's conviction and sentence, but we remand the matter for the correction of the uniform commitment order as noted herein. In addition, we grant appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On February 8, 2018, the Jefferson Parish Grand Jury returned an indictment charging defendant with racketeering, in violation of La. R.S. 15:1352 (count one), human trafficking, in violation of La. R.S. 14:46.2 (count two), and conspiracy to commit human trafficking, in violation of La. R.S. 14:26 and La. R.S. 14:46.2 (count three). Defendant pled not guilty at his arraignment.
On July 27, 2018, defendant withdrew his not guilty pleas, and after being advised of his rights, pled guilty to the racketeering charge as set forth in count one of the indictment. In accordance with the plea agreement, defendant was sentenced to eight years imprisonment at hard labor.[1]
On October 11, 2018, the trial court granted defendant an out-of-time appeal.
FACTS
Because defendant pled guilty, the facts of this case were not fully developed at a trial. However, as part of the plea agreement, defendant provided a written factual basis indicating that he, along with Anrielle Mimmitt, helped his cousin, Keston Mimmitt, run his prostitution business. Defendant specifically admitted that he drove women to their "prostitution dates" and that he cleaned up a hotel room at Keston's direction after his cousin injured one of the women and bloodied up the room.[2]
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
*354 When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. She sets forth the procedural history, the limited facts, and the circumstances surrounding defendant's guilty plea and sentencing. She particularly notes that defendant was advised of his rights and the legal consequences of entering a guilty plea. In addition, appellate counsel notes that defendant was informed of his possible sentencing exposure and of the actual sentence that would be imposed upon acceptance of his guilty plea. Further, she acknowledges that defendant was sentenced in accordance with the negotiated plea agreement and is therefore restricted by law from appealing his sentence. In light of her review of the record, defendant's appellate counsel sets forth that she can find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports an appeal. Therefore, she requests permission to withdraw as attorney of record for defendant.[4]
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty plea that would render it invalid. The transcript of the guilty plea proceeding and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charge against him, that he was advised of his Boykin[5] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty.
Defendant indicated that he understood the possible legal consequences of pleading guilty and confirmed that he had not been forced, coerced, or intimidated into entering his guilty plea. Further, defendant was informed during the colloquy of his maximum sentencing exposure and of the actual sentence that would be imposed if his guilty plea was accepted. A factual basis for the guilty plea was entered by the State, and defendant acknowledged that he was pleading guilty because he was guilty of the crime charged. After her colloquy with defendant, the trial judge accepted defendant's guilty plea as knowingly, intelligently, freely, and voluntarily made.
Further, defendant's sentence was imposed in accordance with the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In addition, defendant's sentence falls within the sentencing *355 range set forth in the applicable statute. See La. R.S. 15:1354.
Based on the foregoing, we find that defendant's guilty plea and the sentence imposed pursuant to the plea agreement do not present any issues for appeal.
ERRORS PATENT REVIEW
We have also reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). Our review reveals an error relating to the date of the offense in the uniform commitment order that requires correction. In particular, the uniform commitment order reflects the date range for count one as January 1, 2006, to February 26, 2014. However, the record reflects that the offense occurred on or between January 1, 2014, and July 9, 2017.[6] Accordingly, we remand the matter to the trial court for correction of the uniform commitment order to reflect the accurate offense date range on count one. We further instruct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected uniform commitment order to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
DECREE
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's conviction and sentence and remand the matter for correction of the uniform commitment order as noted herein. In addition, we grant appellate counsel's motion to withdraw as attorney of record for defendant.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

In exchange for defendant's guilty plea to count one, the State agreed to dismiss counts two and three and further agreed not to file a multiple offender bill of information against defendant.

It is noted that Keston Mimmitt and Anrielle Mimmitt were also charged in the grand jury indictment with various offenses stemming from Keston's prostitution business and narcotics distribution.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

In addition, defendant was notified of his right to file a pro se brief in this appeal. As of this date, defendant has not filed a pro se brief.

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Notably, in the "Violation" section of the indictment, it indicates that "on or around January 1, 2006, through February 26, 2015," defendant did "knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a Pattern of Racketeering Activity;" however, in "The Pattern of Racketeering Activity" section of the indictment, the dates of the racketeering activity are listed as "on or between January 1, 2014 and July 9, 2017." Further, both the waiver of rights form signed by defendant and the transcript of the guilty plea proceeding reflect the date range for the offense as January 1, 2014, through July 9, 2017.