STATE OF LOUISIANA

VERSUS

EMILE J. DELANEUVILLE, JR.

NO. 20-KA-130

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 17,133, DIVISION "B"
HONORABLE KIRK A. VAUGHN, JUDGE PRESIDING

November 18, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

<u>**CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR**</u>
<u>**CORRECTION OF THE UNIFORM COMMITMENT ORDER;**</u>
<u>**MOTION TO WITHDRAW GRANTED**</u>
    **JJM**
    **SMC**
    **FHW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Bridget A. Dinvaut
 J. Philip Prescott, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
EMILE J. DELANEUVILLE, JR.
 Emile J. Delaneuville, Jr.
 Jane L. Beebe

**MOLAISON, J.**

The defendant appeals his conviction and sentence for one count of Driving While Intoxicated (Third Offense). For the reasons that follow, the defendant's conviction and sentence are affirmed, we grant appellate counsel's motion to withdraw as counsel, and we remand for correction of the record.

## PROCEDURAL HISTORY

The defendant, Emile Delaneuville, was charged in a bill of information on May 26, 2017, by the St. John The Baptist Parish District Attorney's Office with one count of Driving While Intoxicated (Third Offense), a violation of La. R.S. 14:98 (A)(D)(3). On June 1, 2017, the defendant pled not guilty.

On October 21, 2019, the defendant withdrew his former plea of not guilty. According to the plea agreement, the defendant was sentenced to four years at hard labor, with two of those years to be served without benefits of parole, probation, or suspension of sentence. Two years of the sentence were suspended, with credit given for time served. The defendant was thereafter granted an out-of-time appeal on January 3, 2020.[1] The defendant's appointed counsel has now filed an appellate brief pursuant to *Anders v. California*[2] and has further filed a motion to withdraw as counsel of record. The defendant has also filed a brief containing one *pro se* assignment of error.

## FACTS

Because the defendant's conviction resulted from a guilty plea, the underlying facts were not fully developed in the record. However, the bill of

---

[1] The record indicates that the defendant was not advised at sentencing of the 30-day limit within which to file an appeal. The defendant's *pro se* motion for appeal, filed on December 13, 2019, was untimely under La. C.Cr.P. art. 914, and he did not seek an out-of-time appeal pursuant to *State v. Counterman*, 475 So.2d 336 (La. 1985). However, the defendant's motion for appeal was filed within the time permitted for an out-of-time appeal as to his conviction and sentence. Bearing in mind that *pro se* filings are subject to less stringent standards than formal pleadings filed by lawyers, *State ex. rel. Egana v. State*, 00-2351 (La. 9/22/00), 771 So.2d 638, and under the circumstances presented, we find no error in the trial court granting the defendant's motion for appeal. *See*, *State v. Bannister*, 19-291 (La. App. 5 Cir. 11/27/19), 285 So.3d 1174.

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

information alleges that on April 1, 2017, the defendant operated a motor vehicle while under the influence of alcohol, after having been previously convicted of Driving While Intoxicated on July 23, 2014, in case # 2008-CR-91 in St. John Parish, Louisiana, and also having been previously convicted of Driving While Intoxicated Third Offense, on June 25, 2014, in Docket # 13-0630, in St. Charles Parish, Louisiana.

## PRO SE ASSIGNMENT OF ERROR

In his sole *pro se* assignment of error, the defendant contends that his conviction should be reversed, and he should be able to enter a new plea under La. C.Cr.P. art. 14:98.2 and La. C.Cr.P. art. 894.

Uniform Rules Courts of Appeal, Rule 2-12.4 requires that all assignments of error and issues for review must be briefed. Rule 2-12.4 also gives the court discretion to disregard any argument in an appeal brief in the event suitable reference to the record is not made. Because the defendant has not sufficiently briefed his argument and fails to allege any specific facts as support of his claim, we find that he has abandoned his assignment of error and decline to address its merits.[3] *See, State v. Blackwell*, 18-118 (La. App. 5 Cir. 12/27/18), 263 So.3d 1234.

## *ANDERS* ANALYSIS

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal. According to *Anders v. California*, *supra*, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (per

---

[3] However, we note that the defendant's *pro se* assignment of error would appear to be related to our review of his guilty plea in the context of the *Anders* appeal.

curiam), appointed appellate counsel requests permission to withdraw as counsel of record for the defendant.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the defendant's appeal to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion

and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Bradford, supra*, 676 So.2d at 1110.

The defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that the defendant entered an unqualified guilty plea to the bill of information, waiving all non-jurisdictional defects. She further states that there were no trial court rulings preserved for appeal under *State v. Crosby*, 338 So.2d 584 (La. 1976).

Appellate counsel has filed a motion to withdraw as attorney of record for the defendant, as she has prepared an *Anders* brief and she has notified the defendant of the filing of this motion and of his right to file a *pro se* supplemental brief in this appeal. Additionally, this Court sent the defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until July 6, 2020, to file a *pro se* supplemental brief. The defendant's *pro se* brief was filed on July 8, 2020.[4]

The State also responds that it agrees with appellate counsel that after a careful review of the record, there are no non-frivolous issues present. The State asserts that the trial court fully explained to the defendant the ramifications of pleading guilty and foregoing a trial, that the trial court clearly described the charge and the sentence the defendant was facing, and that the defendant entered into a fair plea agreement with the State which was explained to him by his trial counsel. The State contends there is nothing else in the record that would suggest a non-frivolous issue to be raised on appeal and agrees that appellate counsel's request to withdraw should be granted.

---

[4] Defendant's *pro se* brief was timely post-marked on July 6, 2020.

An independent review of the record supports the appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged the defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified the defendant and the crime charged. Further, as reflected by the minute entry and commitment, the defendant appeared at each stage of the proceedings against him, including his arraignment, guilty plea, and sentencing.

Further, the defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and review of such defects either by appeal or post-conviction relief is precluded. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, the defendant entered an unqualified guilty plea, and therefore, all non-jurisdictional defects were waived. No rulings were preserved for appeal under the holding in *Crosby, supra*. Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*[5] colloquy is inadequate, or a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

A review of the record reveals no unconstitutional infirmity or irregularities in the defendant's guilty plea. The transcript of the colloquy shows that the defendant was aware that he was pleading guilty to one count of Driving While Intoxicated (Third Offense). The defendant was also properly advised of his *Boykin* rights. On the waiver of rights form and during the colloquy with the trial judge, the defendant was advised of his right to a judge or jury trial, his right to

---

[5] *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).

confrontation, and his privilege against self-incrimination. During the colloquy with the trial judge, the defendant also indicated that he understood he was waiving these rights.[6] Additionally, on the waiver of rights form, the defendant initialed next to each of these rights and placed his signature at the end of the form indicating that he understood he was waiving these rights by pleading guilty.

Also, during his guilty plea colloquy and in the waiver of rights form, the defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. The defendant was informed by the waiver of rights form of his maximum sentencing exposure and of the actual sentence that would be imposed upon acceptance of his guilty plea.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as counsel of record for the defendant is hereby granted.

**ERRORS PATENT REVIEW**

The record was reviewed for errors patent following La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). We have found an error that requires correction.

The Uniform Commitment Order (UCO) and sentencing minute entry does not reflect that the trial court imposed the mandatory fine. The transcript from sentencing, however, indicates that the defendant was sentenced to pay a fine of $2,000. Where there is a discrepancy between the transcript and the minute entry, the transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

---

[6] The trial transcript of October 21, 2019, shows that a group *Boykin* colloquy took place between the trial court and several defendants simultaneously by consent of their respective counsels. While a personal colloquy between the trial court and the defendant is preferred, group guilty pleas are not automatically invalid. *State v. Domino*, 10-661 (La. App. 5 Cir. 1/25/11), 60 So.3d 659, 669.

Accordingly, we remand the matter to the trial court and instruct the trial judge to correct the UCO to conform to the transcript, and further order the Clerk of Court for the 40th Judicial District Court to transmit the corrected UCO to the appropriate authorities following La. C.Cr.P. art. 892(B)(2), and to the Department of Corrections' legal department. *State v. Montero*, 18-397 (La. App. 5 Cir. 12/19/18), 263 So.3d 899, 909.

## DECREE

For the foregoing reasons, the defendant's conviction and sentence are affirmed. The matter is remanded for corrections of the Uniform Commitment Order. Appellate counsel's motion to withdraw as counsel of record for the defendant is hereby granted.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 18, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-KA-130**

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE KIRK A. VAUGHN (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT          J. PHILIP PRESCOTT, JR. (APPELLEE)          JANE L. BEEBE (APPELLANT)
(APPELLEE)

### MAILED
EMILE J. DELANEUVILLE, JR. #610501
(APPELLANT)
IN PROPER PERSON
120 WEST 17TH STREET
RESERVE, LA 70084