STATE OF LOUISIANA

VERSUS

KENDELL JOHNSON

NO. 23-KA-401

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-5085, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING

April 24, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and Timothy S. Marcel

**CONVICTIONS AFFIRMED; SENTENCED AFFIRMED IN PART AND
VACATED IN PART; REMANDED FOR CORRECTIONS OF THE
UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW
GRANTED; WRIT DENIED**
    **JJM**
    **MEJ**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler

COUNSEL FOR DEFENDANT/APPELLANT,
KENDELL JOHNSON
    Katherine M. Franks

DEFENDANT/APPELLANT,
KENDELL JOHNSON
    In Proper Person

**MOLAISON, J.**

The defendant appeals his convictions and sentences for two counts of armed robbery and the misdemeanor battery of a police officer.  For the reasons that follow, we affirm the defendant's convictions, vacate the portion of the defendant's sentences involving fees and court costs, and remand to the trial court for clarification but otherwise affirm the sentences imposed, remand to correct the Uniform Commitment Order and grant the appellate counsel's motion to withdraw as counsel. Additionally, we find no merit in the defendant's pending *pro se* writ application and deny the application.

## PROCEDURAL HISTORY

On September 28, 2020, the Jefferson Parish District Attorney's Office filed a bill of information charging the defendant, Kendell Johnson, with two counts of armed robbery in violation of La. R.S. 14:64 (counts one and two) and battery of a police officer in violation of La. R.S. 14:34.2 (count three).  The defendant pled not guilty to all counts at his arraignment on October 1, 2020. The State amended count three on August 12, 2021, to charge the defendant with misdemeanor battery of a police officer. On that same date, the defendant withdrew his not-guilty pleas and pled guilty as charged to all counts. The trial court sentenced the defendant to fifteen years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on counts one and two and to "time served" on count three, with the sentences running concurrently. After sentencing, the defendant filed several post-conviction pleadings with the trial court and this court.[1]

---

[1] On February 13, 2023, the defendant filed a petition for a writ of habeas corpus that was denied on February 27, 2023. Defendant filed a writ application challenging the ruling, which this Court denied. *Johnson v. State of Louisiana*, 23-KH-144 (La. App. 5 Cir. 5/15/23) (unpublished writ disposition) (JJ. Wicker, Chehardy, Gravois), *writ denied*, 23-786 (La. 11/8/23), 373 So.3d 434. On March 1, 2023, the defendant filed a *pro se* supplemental motion to reconsider sentence, a motion for appointment of counsel, and a petition for a writ of habeas corpus that were all denied on March 8, 2023. On May 16, 2023, the defendant filed a *pro se* "Motion for [Nunc-Pro-Tunc]: Pursuant to: [LSA-C.Cr.Proc. – Arts. – 872, (1), (2), & (3)]:" that was denied on May 30, 2023. The defendant filed a writ application challenging this ruling, which we denied on July 7, 2023. *State v. Johnson*, 23-KH-312 (La. App. 5 Cir. 7/7/23) (unpublished writ disposition) (JJ. Verdigets, Pro Tempore; Windhorst; Regan, Pro Tempore).

On June 27, 2023, the defendant filed an Application for Post-Conviction Relief (APCR) seeking an out-of-time appeal, which the trial court granted on July 17, 2023. On September 8, 2023, the defendant filed a Motion to Correct Illegal Sentence that the trial court denied on September 19, 2023. On October 24, 2023, the defendant filed a *pro se* writ application with this Court challenging the trial court's ruling. On November 30, 2023, this Court ordered that the defendant's writ application be referred for consideration by the panel considering his appeal.

The defendant's appointed counsel has now filed an appellate brief, according to *Anders v. California*[2], and has filed a motion to withdraw as counsel of record.

## PRO SE ASSIGNMENTS

We first address the defendant's *pro se* assignments of error, which generically allege an invalid arrest, a defective bill of information, "jurisdictional structural errors patent" based on ineffective assistance of counsel, as well as other claims previously considered and rejected by this Court in the context of a writ disposition. As a preliminary matter, the defendant has not sufficiently briefed his assignments of error, which we now consider abandoned under Uniform Rules – Courts of Appeal, Rule 2-12.4(B)(4). Nevertheless, except for his ineffective assistance of counsel claim, which falls short of clarifying the relief he seeks to have granted,[3] all of the defendant's other alleged non-jurisdictional errors leading up to his guilty plea have been waived.[4] In addition, the defendant did not preserve for appeal any rulings for review upon his guilty plea under *State v. Crosby*, 338

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an APCR filed in the trial court, where a full evidentiary hearing can be conducted. In declining to review this particular assignment error, we specifically preserve the defendant's right to raise the issue through an appropriate and timely APCR. La.C.Cr.P. arts. 926, 930.3(1) and 930.8. *State v. Fields*, 08-1223 (La. App. 4 Cir. 4/15/09), 10 So.3d 350, 355-56, *writ denied*, 09-1149 (La. 1/29/10), 25 So.3d 829

[4] This waiver precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459.

So.2d 584 (La. 1976). In summary, as filed, the defendant's *pro se* assignments of error merit little consideration.

## FACTS

The record did not fully develop the underlying facts because the defendant's convictions resulted from guilty pleas. However, during the plea colloquy, the prosecutor stated that had the matter proceeded to trial, the State would have proven beyond a reasonable doubt that on or about July 9, 2020, the defendant violated La. R.S. 14:64, in that he robbed Salwa Khoury while armed with a dangerous weapon, to wit: a pistol (count one). The prosecutor also stated that the State would have proven that the defendant violated La R.S. 14:64, in that he robbed Khoury while armed with a dangerous weapon, to wit, a pistol (count two), on or about July 22, 2020. He further said that the State would have proven that the defendant violated La. R.S. 14:34.2, a misdemeanor, in that he committed a battery upon a police officer—Correctional Officer Christian Otten of the Jefferson Parish Sheriff's Office on or about July 22, 2020. Afterward, the defendant indicated that he wished to plead guilty to these crimes because he was guilty of them.

## ANDERS BRIEF

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, except for one error patent on the face of the record. According to *Anders v. California, supra*, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record for the defendant.

In *Anders, supra*, the United States Supreme Court stated that the appointed appellate counsel may request permission to withdraw if he finds the defendant's

appeal wholly frivolous after a conscientious examination. "A brief referring to anything in the record that might arguably support the appeal" must accompany the request to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist*. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an *Anders* brief must demonstrate by complete discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When reviewing for compliance with *Anders*, an appellate court must independently review the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, suppose the court finds any legal point arguable on the merits. In that case, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court or grant the motion and appoint substitute appellate counsel. *Bradford, supra*, 676 So.2d at 1110.

## ANALYSIS

The defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal, except for discrepancies in the defendant's sentencing forms, which we address below. Appellate counsel states that the defendant entered an unqualified guilty plea to the bill of information, waiving all non-jurisdictional defects. She further states that there were no trial court rulings to preserve for appeal under *State v. Crosby*, 338 So.2d 584 (La. 1976). Appellate counsel notes that the defendant did not object to the charged offenses during the plea proceeding, to the trial court's acceptance of the guilty pleas, or the sentences agreed upon and imposed. She further notes that during the dialogue, the defendant indicated he had not been forced or coerced into entering the pleas. She further asserts the trial court advised the defendant of the sentencing range for the offenses to which he was pleading, as well as the sentences imposed.

The State also responds that it agrees with appellate counsel that the trial court thoroughly explained to the defendant the ramifications of pleading guilty and not going to trial, and that the trial court clearly described the charges and the sentences the defendant was facing. That defendant entered into a fair plea agreement with the State, which was explained to him by his trial counsel. The State argues that based on the foregoing, under La. C.Cr.P. art. 881.2(A)(2), the defendant is precluded from seeking review of his guilty pleas and sentences. It asserts that the guilty pleas and sentences were proper and did not give rise to non-frivolous issues on appeal. The State provides that counsel has conformed with and followed the procedure outlined in *Anders* and *Jyles*, *supra*. However, the State submits that appellate counsel has pointed out several clerical discrepancies regarding the fee schedule form, the collection form, and the transcript. It contends that other than the clerical discrepancies pointed out by counsel; it is unaware of

any other errors patent. The State concludes that any errors patent should be addressed by this court. The State agrees with the appellate counsel's withdrawal request.

An independent review of the record supports the appellate counsel's assertion that there are no non-frivolous issues to raise on appeal. Both the original bill of information and the amended bill correctly charged the defendant and plainly and concisely stated the essential facts constituting the offenses charged. They also sufficiently identified the defendant and the crimes charged. As reflected by the minute entry and commitment, the defendant appeared at each stage of the proceedings against him, including his arraignment, guilty plea, and sentencing.

Further, as noted above, the defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and review of such defects either by appeal or post-conviction relief is precluded. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, the defendant entered unqualified guilty pleas and waived all non-jurisdictional defects. The defendant did not preserve any rulings for appeal under the holding in *Crosby, supra*. Once sentenced, only constitutionally infirm pleas are subject to withdrawal by appeal or post-conviction relief. A guilty plea is constitutionally infirm when not entered freely and voluntarily, if the *Boykin*[5] colloquy is inadequate, or when a defendant pleads guilty and a plea bargain induces the plea or what he justifiably believes was a plea bargain and that bargain is not honored. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

A record review reveals no unconstitutional infirmity or irregularities in the defendant's guilty pleas. The transcript of the colloquy shows that the defendant was aware that he was pleading guilty to two counts of armed robbery and

---

[5] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

misdemeanor battery of a police officer. The defendant was also correctly advised of his *Boykin* rights. On the waiver of rights form and during the colloquy with the trial judge, the defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. During the colloquy with the trial judge, the defendant indicated that he understood he was waiving these rights. Additionally, on the waiver of rights form, the defendant initialed next to each of these rights and placed his signature at the end, indicating that he understood he was waiving these rights by pleading guilty.

During his guilty plea discussion and in the waiver of rights form, the defendant acknowledged no force, coercion, or threats caused the guilty pleas and his satisfaction with how his attorney and the court handled his case. The defendant was informed by the waiver of rights form and during the colloquy of his maximum sentencing exposure and the actual sentences imposed upon acceptance of his guilty pleas. After the colloquy with the defendant, the trial court accepted the defendant's pleas as knowingly, intelligently, freely, and voluntarily made.

Because the appellate counsel's brief adequately demonstrates by complete discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports the counsel's assertion, we grant the appellate counsel's motion to withdraw as counsel of record for the defendant.

**ERRORS PATENT**

We reviewed the record for patent errors following La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). Some matters require corrective action.

First, as correctly pointed out by appellate counsel, there are clerical discrepancies in the defendant's sentencing forms. The form titled "Felony:

Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements" inaccurately reflects what the trial judge stated at the time of sentencing. Also, counsel contends that there is an inconsistency between the fee schedule and the collection form sent to the defendant as to the designated recipient of the $401.50 assessment. Counsel argues that the clerical discrepancies between the fee schedule and the collection form need reconciliation to reflect that the trial judge waived the court costs at the time of sentencing and to designate the proper agency or agencies to receive the trial judge's $401.50 assessment. She asks that this Court remand this case to clarify the amount of money the defendant owes due to his plea agreement and to determine the proper payee of the funds.

Upon review, we find that the transcript and the forms in the record are inconsistent concerning the court costs and fees owed and to whom. Accordingly, we vacate the portion of the sentences involving fees and court costs and remand this matter to the trial court for clarification of the fees and court costs. *State v. Overstreet*, 18-380 (La. App. 5 Cir. 12/27/18), 263 So.3d 1241, 1251, *writ denied*, 19-235 (La. 4/29/19), 268 So.3d 1033.

Additionally, La. C.Cr.P. art. 875.1 requires the court to conduct a hearing to determine whether payment of any fine, fee, cost, restitution, or monetary obligation would cause substantial financial hardship to the defendant or his dependents. Accordingly, on remand, we order the trial court to comply with La. C.Cr.P. art. 875.1. *State v. Smith*, 23-263 (La. App. 5 Cir. 12/27/23), 2023 WL 9317774, * at 10 (*citing State v. Douglas*, 22-752 (La. App. 3 Cir. 2/23/23), 358 So.3d 580.

Next, a discrepancy exists between the minute entry, the uniform commitment order ("UCO"), and the sentencing transcript. The transcript reflects that the trial court sentenced the defendant to fifteen years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on count one

as well as count two and to "time served" on count three, with the sentences to run concurrently with each other. However, the minute entry and the UCO reflect that the trial court ordered the sentences to run concurrently with each other and with "any and all other sentences currently serving time for." The transcript prevails when there is an inconsistency between the minute entry and the transcript. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). Therefore, we remand this matter to the trial court to correct the minute entry and the UCO to delete the provision stating that the sentences would run concurrently with "any and all other sentences currently serving time for." *See State v. Tate*, 22-570 (La. App. 5 Cir. 6/21/23), 368 So.3d 236, 249-50. Additionally, we order the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the officer in charge of the institution to which the defendant is and the Department of Corrections' legal department. *Id.*

## WRIT 23-KH-507

On June 27, 2023, the defendant filed an Application for Post-Conviction Relief (APCR) seeking an out-of-time appeal, which the trial court granted on July 17, 2023. On September 8, 2023, the defendant filed a Motion to Correct Illegal Sentence that the trial court denied on September 19, 2023. On October 24, 2023, the defendant filed a *pro se* writ application with this Court challenging the trial court's ruling. On November 30, 2023, this Court ordered that the defendant's writ application be referred for consideration by the panel considering his appeal.

According to the relator, the court did not inform him that the first ten years of his sentence were without the benefit of parole, probation, or suspension of sentence, referred to as "the prescriptive minimum requirement for parole eligibility." The record contradicts this claim. On his *Boykin* form, the defendant acknowledged with his initials that his sentence for armed robbery "is without benefit of parole, probation, or suspension of sentence." Similarly, in the August

12, 2021, sentencing transcript, the defendant acknowledged his understanding in open court that his armed robbery sentences are without the benefit of parole, probation, or suspension of sentence. The commitment reflects the restriction of benefits.

On the showing made, the defendant's claim, as raised in his writ application, is denied.

## DECREE

For the preceding reasons, we affirm the defendant's convictions. We vacate the portion of the defendant's sentences involving fees and court costs and remand this matter to the trial court for clarification, but otherwise affirm the sentences imposed, remand to correct the Uniform Commitment Order, grant the appellate counsel's motion to withdraw as counsel, and deny the defendant's writ application.

**CONVICTIONS AFFIRMED; SENTENCED AFFIRMED IN PART AND VACATED IN PART; REMANDED FOR CORRECTIONS OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED; WRIT DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 24, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KA-401**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
HONORABLE JOHN E. LEBLANC (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          KATHERINE M. FRANKS (APPELLANT)

### MAILED
KENDELL JOHNSON #762760
(APPELLANT)
RICHLAND PARISH DETENTION CENTER
474 HIGHWAY 15
RAYVILLE, LA 71269

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053